UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS,
LOCAL UNION #222,

    Plaintiff,

v.                                    CASE NO: 8:14-cv-193-T-26TGW

SPE UTILITY CONTRACTORS, FD,
LLC.,

    Defendant.
_____/

**O R D E R**

**UPON DUE CONSIDERATION** of the pleadings on file, as well as Plaintiff's submissions, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Affirmative Defenses (Dkt. 15) is **denied**.[1] In the Court's view, the Plaintiff has failed to establish that the affirmative defenses have no possible relationship to the controversy, may confuse the issues, or otherwise cause prejudice to the Plaintiff. See United States v. MLU Servs., Inc., 544 F.Supp. 2d 1326, 1330 (M.D. Fla. 2008) (observing that a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure should only be granted if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party) (quoting Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574, 576 (M.D. Fla 1995)). As the Court in MLU Services

---

[1] In light of this disposition of the motion, the Court needs no response from Defendant.

further explained, "[b]ecause this standard is rarely met, '[m]otions to strike are generally disfavored by the Court and are often considered time wasters.'" 544 F.Supp. 2d at 1330 (quoting Somerset Pharm., Inc. v. Kimball, 168 F.R.D. 69, 71 (M.D. Fla. 1996)).

Additionally, to the extent the Plaintiff takes the position that an affirmative defense must be pleaded consistent with the heightened pleading requirements of Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court rejects that argument. Although the Court recognizes that there is a split of authority as to whether these two Supreme Court cases apply within the context of pleading an affirmative defense, the Court sides with the cases that determine they do not. See Tardif v. City of New York, ___ F.R.D. ___, 2014 WL 2971004, at *2-3 (S.D. N.Y. 2014). The Plaintiff may renew its objections to the affirmative defenses within the context of a motion for summary judgment after the close of discovery.

**DONE AND ORDERED** at Tampa, Florida, on August 8, 2014.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record