**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS, LOCAL
UNION # 222,

       Plaintiff,

v.                                  CASE NO: 8:14-cv-193-T-26TGW

SPE UTILITY CONTRACTORS FD, LLC,

       Defendant.

_____/

## O R D E R

    **UPON DUE CONSIDERATION** of Plaintiff's Motion to Stay Proceedings and

Refer Damages Issue Back to Labor Management Committee (Dkt. 19) and Defendant's

Response (Dkt. 20), the Court finds the motion should be denied.

    The Labor-Management Committee (the Committee) convened pursuant to Section

1.07 of the Outside Construction Line Agreement (the Collective-Bargaining Agreement)

and determined based on the evidence presented that Defendant violated Article 3,

Section 3.06 of the Collective-Bargaining Agreement.  (Dkt. 1, Exh. C).  The Committee

fined Defendant "16 hours penalty pay for all affected employees payable at the next pay

period which would be Friday December 20th 2013."  (Dkt. 1, Exh. C).  Plaintiff seeks to

stay this proceeding to allow the Committee to clarify what penalty, if any, was to be

exacted in the event the fines were not paid by December 20, 2013.[1]  It correctly points out that the agreement is silent regarding the consequence for failing to pay the award and the entitlement to its fees and costs.  Plaintiff claims that the intent of the Committee is therefore unclear as to any continuing penalty and an award of fees and costs.

Defendant responds that the award can be interpreted in only one way and hence, is unambiguous.  Both parties cite Am. Fed'n of State, Cty., and Mun. Emps., Local No. 1803 v. Walker Cty. Med. Ctr., 715 F.2d 1517 (11th Cir. 1983), for the proposition that remand is appropriate if an award is ambiguous.  Remand is appropriate in such a situation because "[i]t is impermissible for courts to usurp the functions of the arbitrator by reviewing the merits of the award or construing its meaning."  Am. Fed'n, 715 F.2d at 1518.[2]  The award in this case, while silent as to the enforcement for the failure to timely pay the award, is not ambiguous.  It clearly states how to calculate the fine and when the fine was due and payable.  There is no indication whether the issue of further penalties for failure to timely pay the award was presented to the Committee.  Thus, Plaintiff has not made a compelling case for remand for clarification by the Committee.[3]

---

[1]  Although at the time this suit was filed the award had not been paid, Defendant asserts in a footnote that the penalty was paid on May 16, 2014.  See docket 20, n.1.

[2]  An award issued by a labor management committee is analyzed similarly to one issued by an arbitrator.  See Gen'l Drivers, Warehousemen & Helpers, Local Union No. 89 v. Riss & Co., 372 U.S. 517, 519, 83 S.Ct. 789, 791, 9 L.Ed.2d 918 (1963).

[3]  Both parties cite Pittsburgh Metro Area Postal Workers Union, AFL-CIO v. United States Postal Serv., 938 F.Supp.2d 555 (W.D. Pa. 2013).  There, the arbitrators awarded "full back pay" to employees.  The USPS attempted to have the award reduced

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion to Stay

Proceedings and Refer Damages Issue Back to Labor Management Committee (Dkt. 19)

is **DENIED**.

      **DONE AND ORDERED** at Tampa, Florida, on November 12, 2014.

                 *s/Richard A. Lazzara*
                 **RICHARD A. LAZZARA**
                 **UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record

---

for failure to mitigate in accord with the terms of the employee and labor relations manual, which was referenced in the collective bargaining agreement.  The court wrote that remand was improper because the dispute was "not over an ambiguous 'method of calculation'– it [was] a unilateral attempt by the USPS to undermine an award that the USPS may not find palatable."  938 F.Supp.2d at 563-64.  In that case the court noted in a footnote, however, that it did not "believe that it must decide here whether as a blanket rule, a party that fails to bring an argument before an arbitrator always has irrevocably waived it for all time."  938 F.Supp.2d at 563 n.9.