UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, LOCAL UNION
#222,

    Plaintiff,

v.                                                    CASE NO: 8:14-cv-193-T-26JSS

SPE UTILITY CONTRACTORS FD, LLC,

    Defendant.
_____/

**O R D E R**

Before the Court are cross motions for summary judgment: (1) Defendant SPE Utility Contractors FD, LLC's Motion for Summary Judgment with a declaration attached (Dkts. 32 & 32-1), and Plaintiff's Response in Opposition (Dkt. 36); and (2) Plaintiff's Motion for Partial Summary Judgment (Dkt. 30), and Defendant's Memorandum in Opposition (Dkt. 35). The parties filed a Joint Statement of Undisputed Facts with exhibits attached, with a corrective Notice of Filing pertaining to Exhibit 4 of the Joint Statement (Dkts. 31 & 34). After careful consideration of the submissions of the parties, the applicable law, and the entire file, the Court concludes that the Defendant's motion should be granted and the Plaintiff's motion should be denied.

**BACKGROUND**

This action was filed by a local union of the International Brotherhood of Electrical Workers (the Union) against the Union's employer, SPE Utility Contractors FD, LLC (SPE) to enforce an arbitration award issued pursuant to a collective bargaining agreement (the CBA)[1] between Southeastern Line Constructors Chapter, National Electrical Contractor's Association (NECA) and the Union.[2] The electricians were not timely paid for the workweek of Thanksgiving 2013. Rather than being paid on the Wednesday before the Thanksgiving, which was the "end of [the] scheduled workweek" according to the CBA,[3] some of the employees were paid on the Friday after Thanksgiving. The penalty for failing to timely pay wages is "8 hours per day."[4] The "affected employees" were paid either by direct deposit or post-dated paper check on the Friday after Thanksgiving, which was November 29, 2013.

The Union served SPE with a grievance on December 10, 2013, based on the failure to timely pay wages for two days. SPE's president attempted to work out the dispute with the Union's business manager to no avail, and the grievance was then

---

[1] The formal name of the CBA is the Outside Construction Line Agreement. See docket 1-2.

[2] The parties agree that the Letter of Assent, which recognizes the Union as the collective bargaining representative for the employees, binds SPE, even though it was not a signatory to the Letter of Assent. See docket 31, para. 3.

[3] "Payday" is determined under section 3.06 of the CBA as "no later than the end of scheduled workweek or Friday, whichever comes first." See docket 1-2.

[4] See docket 1-2 at Section 3.06.

referred to the Labor Management Committee (the Committee) in accord with Section 2.17 of the CBA.[5] The Committee found a violation and directed a monetary award to all "affected employees" in the form of a penalty equal to 16 hours of wages per employee "payable at the next pay period which would be Friday December 20th 2013."[6]

SPE did not pay the award, and the Union sought to enforce the award by filing this lawsuit on January 24, 2014. The first count of the complaint requests the enforcement of the award of the Committee pursuant to § 301 of the Labor Management and Reporting Act, 29 U.S.C. §§ 141-187 (LMRA). The second count seeks damages for an additional penalty of 8 hours pay per day per affected employee starting December 21, 2013, together with prejudgment interest retroactive to November 27, 2013, plus attorneys' fees and costs. On May 16, 2014, SPE paid the 16-hour penalty to the affected employees. Each party now moves for summary judgment.

## APPLICABLE LAW

Summary judgment is properly granted where there is no genuine dispute regarding a material fact. Fed.R.Civ.P. 56(a). The court must review the record, and all of its factual inferences, in the light most favorable to the nonmoving party. See United States v. Diebold, Inc., 360 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). In this

---

[5] Step III under Section 2.17 provides that "[i]f the grievance is not resolved at the step II level, the matter shall be referred to the Labor Management Committee within five (5) working days." See docket 1-2.

[6] See docket 1-3.

case with cross motions for summary judgment, consideration of each motion must be undertaken on its own merits with inferences drawn in favor of the nonmoving party on each motion. "The denial of one [motion] does not require the grant of another." Perez-Santiago v. Volusia Cnty., 2010 WL 917872, at *2 (Mar. 11, 2010) (citing Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n, 483 F.3d 1025, 1030 (10th Cir. 2007), which quotes Buell Cabinet Co. v. Sudduth, 608 F.2d 431, 433 (10th Cir. 1979)).

## EXHAUSTION

Defendant SPE argues that this case is now moot because it eventually paid the employees in May 2014. Specifically, SPE asserts that the Union failed to exhaust its contractual grievance remedies, if it had any, before coming to federal court. See Jimenez v. Collier Transit Mgmt., Inc., 336 F. App'x 804, 807 (11th Cir. 2009) (unpublished opinion) (holding that an employee contesting breach of collective bargaining agreement by reason of his having been wrongfully terminated must first exhaust grievance and arbitration procedures provided for in the agreement before pursuing relief in court). In addition to failure to exhaust the alleged grievance of nonpayment, SPE further asserts that the Union should have invoked the grievance process for its claims for additional penalties for late payment.

Jimenez is distinguishable because it involved an employee who never fully completed the three steps of the grievance process articulated in the collective bargaining agreement. In this case, the grievance process was completed and resulted in an award by

the Committee for payment of a 16-hour penalty for all affected employees. The award contained a date by which payment was to be made, December 20, 2013. The award, however, did not state any consequence for failing to pay. Looking at the CBA, the Court finds there is no provision addressing enforcement of an award that was obtained by following the three-step grievance procedure outlined in Article 2. The grievance was resolved by the Committee as directed in Step III under Section 2.17. Pursuant to Section 1.07,[7] the Committee decided by a majority vote on the award, and did not fail to agree or to adjust any matter that required referral to the Council on Industrial Relations under Section 1.08.[8] Whether the failure to pay the award constitutes a new grievance or question in dispute seems unlikely, based on the contemplation that once a grievance is final, it is over but for the enforcement. The CBA is silent as to enforcement of an award. Thus, although the parties argue over whether it would have been futile to invoke the grievance procedure to seek enforcement, there is no need to decide that question. The award has been paid, albeit late by approximately five months and four months after this action was filed.

## ADDITIONAL PENALTY

---

[7] Section 1.07 provides in pertinent part that "[a]ll matters coming before the Labor-Management Committee shall be decided by a majority vote." See docket 1-2.

[8] Section 1.08 provides in part that "[s]hould the Labor-Management Committee fail to agree or to adjust any matter, such shall then be referred to the Council on Industrial Relations for the Electrical Contracting Industry for adjudication." See docket 1-2.

The issue of the additional penalty for the failure to timely pay the award is a different matter.[9] The CBA does not specifically define the word "grievance," but instead, refers to "grievances or questions in dispute" in Section 1.06.[10] As this Court found in a prior order, the CBA is silent regarding any consequence for failing to timely pay the award.[11] The award of the 16-hour penalty based on the untimely payment for the workweek back in November 2013 was finally resolved once paid in May 2014. A new grievance or question in dispute festered regarding an additional penalty for the late payment. Nothing in the record indicates that a new and separate grievance was initiated either ten working days after the payment date of December 20, 2013, as articulated in the award, or ten days after the late payment of the award in May 2014 pursuant to Section

---

[9] Once the SPE paid the award in May 2014, the only remaining issues were the affected employees' entitlement to an additional penalty based on the tardiness of the payment, and the Plaintiff's right to an award of attorneys' fee and costs.

[10] Section 1.06 provides in part that "[a]ll grievances or questions in dispute shall be adjusted by the duly authorized representative of each of the parties to this Agreement." See docket 1-2.

[11] See docket 21. In the order of November 12, 2014, this Court denied Plaintiff's request to remand to the Committee for clarification of any consequences to be associated with the untimely payment of the award, because, together with other reasons, "[t]here was no indication whether the issue of further penalties for failure to timely pay the award was presented to the Committee."

1.10[12] or 2.17, Step III, a.[13] According to Sections 1.10 and 2.17, Step III, a., after the passing of ten working days any grievance will "be deemed to no longer exist." Based on the plain reading of the CBA, Plaintiff's failure to timely initiate the issue of an additional penalty for the late payment forecloses this Court's ability to award any such additional penalty. See Jimenez, 337 F.App'x at 808 ("To claim futility, the employee may not simply *assert* that his use of the grievance procedures would have been futile: he must ordinarily at least have *attempted* to use them." (emphasis in original); Bommicino v. GM, LLC, 2012 WL 1029389, at *11 n.9 (N.D. Ga. Mar. 26, 2012) (quoting same).

### INTEREST, ATTORNEYS' FEES, AND COSTS

The Union seeks interest on the award from the time the employees should have received the money in December 2013 up to the time they received it in May 2014. See Millcraft-SMS Servs., LLC v. United Steel Workers of Am., 346 F.Supp.2d 1176, (N.D. Ala. 2004) (upholding an arbitrator's award of backpay to an improperly discharged employee as well as prejudgment interest as an element of complete compensation to make the wronged party whole).[14] Unlike the case of Millcraft, however, SPE is not

---

[12] Section 1.10 provides that "[a]ny grievance not brought to the attention of the responsible opposite parties to this agreement in writing within 10 working days of its occurrence shall be deemed to no longer exist."

[13] Section 2.17, Step III, a. provides that "[i]f a grievance is not presented as outlined in step (1) . . . above within ten (10) working days of its occurrence, it will be deemed to no longer exist."

[14] SPE recognizes that this Court could grant "typical contract damages" in the form of interest for the time between when the award was due and payable up to the

seeking to vacate the award and re-weigh the evidence before the Committee. As earlier discussed, the Committee's award did not impose a further penalty for failure to pay the award on a date certain in December 2013. The Union could have requested such a provision be placed in the award at that time. Moreover, the CBA is silent with respect to additional penalties for untimely payment of an award.

With regard to an award of attorneys' fees and costs, the CBA is silent in this regard, and no statute has been cited to authorize fees and costs. Consequently, attorneys' fees and costs are denied.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendant SPE Utility Contractors FD, LLC's Motion for Summary Judgment (Dkt. 32) is **GRANTED**.

(2) Plaintiff's Motion for Partial Summary Judgment (Dkt. 30) is **DENIED.**

(3) The Clerk is directed to enter final summary judgment in favor of Defendant and against Plaintiff.

(4) The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, on October 6, 2015.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**

---

actual payment date. See Contempo Design, Inc. v. Chicago & Ne. Ill. Dist. Council of Carpenters, 226 F.3d 535, 553 (7th Cir. 2000).

**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record